UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIOLA JOINER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 14-2081** |
| **WINN-DIXIE LOUISIANA, INC.** | **SECTION: "G" (4)** |

**ORDER AND REASONS**

Presently pending before the Court is a "Motion for Summary Judgment"[1] filed by Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie").[2] This motion was filed on March 17, 2015 and set for submission on April 1, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Joiner has filed no opposition at this time, and therefore the Court deems this motion unopposed. District courts may grant an unopposed motion for summary judgment, as long as the motion has merit.[3]

Joiner filed this action against Winn-Dixie on August 12, 2014, in the Civil District Court for the Parish of Orleans, seeking recovery for losses or damages incurred as a result of a December 19, 2013 accident in one of Defendant's stores.[4] Specifically, she contends that she slipped and fell

---

[1] Rec. Doc. 17.

[2] Joiner named "Winn Dixie Louisiana, Inc." as Defendant. In Winn Dixie's Notice of Removal, however, it avers that:

> Winn-Dixie Louisiana, Inc. was the "non-survivor" of a mergers [sic] with Winn-Dixie Montgomery, LLC which was filed with the Louisiana Secretary of State on January 31, 2005. Winn-Dixie Louisiana, Inc., has been on "inactive" status with the Louisiana Secretary of State since January 2005.

Rec. Doc. 1 at p. 1 n.1.

[3] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

[4] Rec. Doc. 1-1.

on rice spilled on the floor of an aisle in Winn-Dixie's store on Tchoupitoulas Street in New Orleans, and that this accident was caused solely and proximately by the negligence of Winn-Dixie.[5] This case was removed to this Court by Defendant on September 11, 2014. Joiner further contends that Winn-Dixie "spoiled or otherwise did not preserve evidence pertinent to this matter," warranting "an adverse presumption regarding evidence and burden of proof issues."[6] On September 15, 2014, Winn-Dixie filed an answer.[7] On March, 17, 2015, Winn-Dixie filed the instant motion,[8] which was submitted without opposition on April 1, 2015.

In the instant motion, Winn-Dixie contends that it is entitled to judgment as a matter of law because Joiner cannot prove that Winn-Dixie employees had actual or constructive notice of the condition that allegedly caused her injuries, and therefore cannot satisfy the requirements of LA. REV. STAT. § 9:2800:6, which governs negligence claims against a merchant arising from a "fall due to a condition existing in or on a merchant's premises."[9] Winn-Dixie contends that statements made by Joiner and Cryln Cosey, who was shopping with Joiner at the time of the events in question, demonstrate that neither Joiner nor Cosey know how long the rice was on the floor before Joiner allegedly slipped on it.[10] Thus, Winn-Dixie argues, Joiner "produces no evidence to create a 'positive showing' that any Winn-Dixie employee had actual notice of the condition, created the condition,

---

[5] Rec. Doc. 1-1 at pp. 1–2.

[6] *Id.* at p. 2.

[7] Rec. Doc. 6.

[8] Rec. Doc. 17.

[9] Rec. Doc. 17-1 at pp. 4; 7 (citing LA. REV. STAT. § 9:2800.6).

[10] *Id.* at pp. 7–8.

2

or that the condition was on the floor for such a period of time that Winn-Dixie should have discovered it in the exercise of reasonable care."[11] Consequently, Winn-Dixie contends, Joiner "cannot prove the elements necessary to meet her burden of proof at trial," making summary judgment appropriate.[12]

Joiner has filed no opposition to the pending motion. Thus, there are no material facts at issue here. The Court therefore finds that Winn-Dixie's motion has merit. Accordingly,

**IT IS HEREBY ORDERED** that Winn-Dixie Montgomery LLC's "Motion for Summary Judgment"[13] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this __6th__ day of July, 2015.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Id.* at p. 8.

[12] *Id.*

[13] Rec. Doc. 17.