UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIOLA JOINER | CIVIL ACTION |
| VERSUS | NO. 14-2081 |
| WINN DIXIE LOUISIANA, INC. | SECTION: "G"(4) |

## ORDER

In this litigation, Plaintiff Viola Joiner ("Joiner") seeks recovery for damages incurred as a result of a December 19, 2013 slip-and-fall accident that occurred in one of Defendant Winn-Dixie Montgomery, LLC's ("Winn-Dixie") stores.[1] Presently pending before the Court is a "Motion for Reconsideration"[2] filed by Joiner, requesting that the Court reconsider its ruling[3] granting Winn-Dixie's "Motion for Summary Judgment."[4] Having reviewed the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Joiner filed this action against Winn-Dixie on August 12, 2014, in the Civil District Court for the Parish of Orleans.[5] Winn-Dixie removed the case to this Court on September 11, 2014.[6] On

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 27.

[3] Rec. Doc. 25.

[4] Rec. Doc. 17.

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1.

1

March 17, 2015, Winn-Dixie filed a "Motion for Summary Judgment."[7] Joiner did not file an opposition. On July 6, 2015, the Court granted Winn-Dixie's unopposed "Motion for Summary Judgment."[8]

On July 9, 2015, Joiner filed a "Motion for Reconsideration," asserting that she never received a copy of the "Motion for Summary Judgment" filed by Winn-Dixie, and requesting an opportunity to submit a response to the motion.[9] Winn-Dixie filed its opposition to the "Motion for Reconsideration" on July 10, 2015.[10] The Court granted Joiner leave to file a response to Winn-Dixie's "Motion for Summary Judgment," and stated that it would consider Joiner's "Motion for Reconsideration" after receiving that response.[11] Joiner filed a timely response on August 5, 2015.[12]

## II. Parties' Arguments

*A.    Joiner's Arguments in Support of her Motion for Reconsideration*

In Joiner's response, she states:

> I went grocery shopping in Winn Dixie. I went down a couple of aisle[s] to get food items. I made my way back to the aisle where the rice was at. As I begin [sic] to walk toward the rice, I slip[ped] and fell. I hit my head, my neck, my shoulder, my lower . . . back, my knee. I even caught a[n] asthma attack on the floor. I am 62 years old. I have no reason to lie about what happen[ed] in Winn Dixie. I have my daughter as a witness and I have pictures also.[13]

---

[7] Rec. Doc. 17.

[8] Rec. Doc. 25.

[9] Rec. Doc. 27.

[10] Rec. Doc. 28.

[11] Rec. Doc. 29.

[12] Rec. Doc. 30.

[13] *Id.*

B.     *Winn-Dixie's Arguments in Opposition to the Motion for Reconsideration*

In its opposition, Winn-Dixie avers that it sent a copy of its "Motion for Summary Judgment," along with supporting documents and exhibits, by mail to Joiner's last known address, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C).[14] Winn-Dixie further avers that Joiner attended a settlement conference before Magistrate Judge Roby on June 1, 2015, where Joiner was advised that Winn-Dixie had filed a "Motion for Summary Judgment."[15]

### III. Law and Analysis

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[16] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[17] with relief being warranted only when the basis for relief is "clearly establish[ed]."[18] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

   (1)   the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

   (2)   the movant presents newly discovered or previously unavailable evidence;

   (3)   the motion is necessary in order to prevent manifest injustice; or

---

[14] Rec. Doc. 28.

[15] *Id.*

[16] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[17] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[18] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

(4) the motion is justified by an intervening change in controlling law.[19]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[20] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[21] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[22] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[23] and the

motion must "clearly establish" that reconsideration is warranted.[24] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[25]

Here, Winn-Dixie moved for summary judgment on the grounds that Joiner produced no evidence "to create a 'positive showing' that any Winn-Dixie employee had actual notice of the [rice on the floor upon which Joiner slipped], created the condition, or that the condition was on the floor

---

[19] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[20] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[21] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[22] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[23] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted).

[24] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[25] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

for such a period of time that Winn-Dixie should have discovered it in the exercise of reasonable care."[26] In support of this assertion, Winn-Dixie cited deposition transcripts in which Joiner and Crlyn Cosey both stated that they did not know how the rice got on the floor, nor how long the rice had been on the floor, nor whether any Winn-Dixie employee caused the rice to be on the floor.[27]

The Court granted the motion because the unrebutted evidence adduced by Winn-Dixie showed that no genuine issue of material fact existed with respect to certain elements of Joiner's claim.[28] Specifically, the Court found that no genuine issue of material fact existed regarding whether Joiner would be able to satisfy the requirements set forth in LA. REV. STAT. 9:2800.6,[29] which provides:

> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>   (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
>   (2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

---

[26] Rec. Doc. 17-1 at p. 8.

[27] *Id.* at pp. 7–8.

[28] Rec. Doc. 25 at pp. 2–3.

[29] When there is an allegation that a defect in the premises caused the alleged accident, a plaintiff may in some circumstances be able to bring an action under Louisiana Civil Code Article 2317.1. *See Birdsong v. Hirsch Mem'l Coliseum*, 39, 101 (La. App. 2 Cir. 12/15/04), 889 So. 2d 1232, 1235. However, in order to establish liability based on ownership or custody of a thing under Article 2317.1, a plaintiff must show that defendant "knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1. As discussed above, neither Joiner nor Cryln Cosley knew how the rice got on the floor, nor how long the rice had been on the floor, nor whether any Winn-Dixie employee caused the rice to be on the floor. Rec. Doc. 17-1 at pp. 7–8. Nor did Joiner present any evidence that any Winn-Dixie employee had actual notice of the condition. Therefore, even if Joiner had argued that she was entitled to recovery under Article 2317.1, there was no genuine issue of material fact regarding whether she would be able to satisfy those requirements.

>> (3)　　The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In the opposition recently filed by Joiner, with leave of Court, Joiner recounts her allegations regarding the incident in which she was allegedly injured. Joiner further indicates that she has "no reason to lie about what happen[ed] in Winn Dixie," and asserts that she has certain evidence regarding the accident.[30] Joiner does not, however, indicate that she has the evidence required to create a genuine issue of material fact regarding the foregoing elements of her claim, and her arguments do not call into question the legal basis for the Court's prior conclusions. Accordingly, Joiner does not point to a manifest error of law or fact upon which the Court's judgment is based. Additionally, Joiner does not indicate that she acquired any new evidence after the Court issued its judgment,[31] and does not point to any intervening change in law that might justify her motion. Accordingly, even when liberally construing Joiner's *pro se* opposition,[32] Joiner has not clearly established that reconsideration is warranted on any of these established grounds.

Finally, turning to "manifest injustice," Joiner argues in her "Motion for Reconsideration"[33] that she did not receive Winn-Dixie's motion for summary judgment, and that she was unable to

---

[30] Rec. Doc. 30.

[31] The Fifth Circuit has held that even if new evidence has been discovered, that evidence is only sufficient to warrant reconsideration if: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Ins. Co.*, 796 F.3d 529 (5th Cir. 2015) (citing *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 77 (5th Cir. 2010)). Accordingly, even if Joiner had obtained new evidence, the evidence would still need to satisfy these criteria to warrant reconsideration.

[32] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citations and internal quotation marks omitted).

[33] Rec. Doc. 27.

obtain legal representation after her attorney withdrew.[34] However, Winn-Dixie argues, and Joiner does not dispute, that Joiner was informed of the motion during the June 1, 2015 settlement conference before Magistrate Judge Roby.[35] The Court granted Winn-Dixie's motion on July 6, 2015, more than one month later, and entered judgment for Winn-Dixie the following day.[36] Therefore, even assuming that Joiner did not receive Winn-Dixie's motion, she nonetheless had sufficient time to seek leave to file an out-of-time opposition to Winn-Dixie's motion following the June 1, 2015 settlement conference. In any event, in light of the instant motion, the Court granted Joiner leave to file an opposition to Winn-Dixie's motion for summary judgment.[37] Joiner has now done so, although it is unavailing for the reasons given above. Therefore, the Court finds that Joiner has failed to "clearly establish" that reconsideration "is necessary in order to prevent manifest injustice" here.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Joiner's "Motion for Reconsideration"[38] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  9th  day of October, 2015.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[34] *Id.* at p. 2.

[35] Rec. Doc. 28 at p. 2.

[36] Rec. Doc. 25; Rec. Doc. 26.

[37] Rec. Doc. 30.

[38] Rec. Doc. 27.